DURNING, Plaintiff-Appellant, v. BOARD OF ELECTIONS
OF PORTAGE COUNTY et, Defendants-Appellees.
MORRISON, Plaintiff-Appellee, v. BOARD OF ELECTIONS
OF PORTAGE COUNTY et, Defendants-Appellants.

Ohio Appeals, Seventh District, Portage County.

Nos. 241, 246.   Decided April 4, 1960.

*Messrs. Roudebush, Adrion, Brown, Corlett & Ulrich,* for
plaintiffs.
*Mr. Edward Chitlik,* for defendants.

For further history see *Omnibus Index* in bound volume.

*Per Curiam.*   This is an appeal on law and fact from the
decision of the Common Pleas Court of Portage County.

The sole issue presented in the two cases, which have been by consent consolidated for the purpose of argument and consideration, is the validity of the election held on October 21, 1958, with respect to the detachment of said territory from Aurora Village

The cases come before this court upon the record of the testimony taken in case number 241 and the additional testimony of George Morrison in case number 246, the stipulation of counsel, briefs and arguments.

The plaintiffs contend that the petition filed with the Board of Elections does not contain an accurate description of the territory sought to be detached, nor an accurate map or plat of such territory, nor does it contain signatures equal to fifteen percent of the total number of votes cast at the last general election in such territory, nor that notice of election was properly posted.

Upon consideration of these four claims of failure on the part of the petitioners to the Board of Elections, one of the defendants in these cases, we find and hold that the first claim that the petition filed with the Board of Elections did not comply with the provisions of the Code in that the petition did not contain an accurate description of the territory sought to be detached, nor did it have attached thereto an accurate map or plat of the territory sought to be detached and the boundary lines, nor did the plat conform to the written description, and further the map shows no measurements whatsoever.

This is not a matter of the discretion of the Board of Elections in the exercise of its administrative duties, but is a question of whether or not that board followed the provisions of the statute, or if it failed to follow the provisions of the statute was guilty of a gross abuse of discretion.

Failure to follow a mandatory statute is a gross abuse of discretion as determined by our supreme court.

As to the accuracy of the description and as to the attachment of the plat, or map, to the petition, we find in favor of the plaintiffs Durning and Morrison and against the defendants.

It is absolutely essential in setting up a new political subdivision that the boundaries be accurate and exact so that there can be no question as to the exactness of those boundary

lines, thus preventing multiple questions from arising at later dates on the question of those precise boundaries. That is the reason for that requirement in the statute, and must be complied with strictly.

Hence, we have reached the unanimous conclusion that the above defects are determinative of these cases; and that the petition failed to embrace an accurate description of the territory, and failed to have attached thereto an accurate map.

It is unnecessary in the determination of these cases to pass upon the other three claimed failures or defects in the election proceedings.

The defendants are permanently enjoined as prayed for in plaintiffs' respective petitions.

GRIFFITH, P. J., PHILLIPS and DONAHUE, JJ., concur.